G-holson, J.
The contract in writing shows that Paul had made an advance on hogs, which he was to ship through to New York, and do the best he could'with them in the market. We infer from the statements in the record that there were two routes for the-shipment which the parties intended should be made—one by railroad and steamboat, and the other overland, by railroad only. The object of the evidence offered, as shown by the first bill of -exceptions, was to restrict'Paul in‘shipping the hogs to the former of the two routes.
It is claimed for the plaintiffs in error, that there was a latent ambiguity; that there were two routes to New York well known to-the parties; that the writing did not specify one or the other, and therefore it might be shown which the parties intended. But, we-think there is a misapprehension as to the meaning of a latent ambiguity. “ A latent ambiguity is where you show that words apply equally to two different things or subject-matters.” Smith ,v. Jeffryes, 15 M. & W. 561. The things must be different, and the *434 parties must, on account of such difference, have intended one and ■not the other. It is not a case of latent ambiguity, whore, according to the language of the contract, the parties.may have intended •either of the two things in which the difference is claimed to exist. 'Thus in the case just cited, where the contract was to deliver “ware potatoes,” and evidence was offered to show that there were ■■two kinds of “ware potatoes,” known in the market as “regent’s -wares” and “kidney wares,” and that the former were intended, it was held, that there was not a latent ambiguity, and that the evidence “ went to vary and limit the written contract between the parties.”
Upon a like principle and distinction, stands the case of a written contract to do a particular thing where there are *two usual and ordinary modes in which it may be done. The party upon whom performance devolves, may adopt either. If, in this case, it might be an advantage to Paul to select one or the other of the two routes, as for example on account of its being more rapid, and thereby securing him an earlier return of the money he had advanced, he had the right so to do, according to the terms of the written contract. That he might properly have done so under that contract, is ^admitted by the offer to prove a verbal contract which would re.strict the right. To allow this would, we think, in the language ■before used, vary and limit the written contract between the parties.
Our attention has been directed to the case of Barrett v. Allen, 10 ■Ohio, 426. In that case, -evidence was received to explain the meaning of the expression “fair wholesale factory prices.” The words had no definite, precise meaning, and therefore required explanation. This might have been given by showing a general ■usage and practice in the particular trade or business. Lewis v. Marshall, 7 M. & G. 729-744; Syers v. Jonas, 2 Exch. 111-116; Brown v. Byrne, 3 Ell. & Black. 703-715. So it is permissible “to ■show in what sense words are used, by showing what the situation ■of the parties was at the time.” Bainbridge v. Wade, 16 Q. B. SOTS. Evidence of the circumstances and relation in which the ■parties stood, may be let in to explain the meaning of language whenever it tends to throw light upon that meaning. Id. 71 Eng. Com. L. 101, note, and cases cited. “Parol evidence was clearly .admissible to show the circumstances under which the contract was made, and' the relation of the plaintiff and defendant to it, and to ■each other, in respect of it.” Humphrey v. Hale, 7 Ell. & Black, *435 266-272. According to these rules, the evidence in the ease of Barret v. Allen was properly received. Something was said, by the judge delivering the opinion, as to there being a latent ambiguity. We think the case more properly came within the rules which have been stated. But in no view, according to the *proper me'aning of a latent ambiguity as before explained, would that case reach such a case as the present. The parties in that case could not have intended either of the two prices proved, but must have intended to provide for one price only.
It is also alleged as error, shown by the second bill of exceptions, that the court refused to receive evidence of a conversation between the defendants in the action, showing that they were not jointly liable. The declarations accompanied no act,, but referred to past transactions. It is said, however, that they were admissible :as being against the interest of the parties, and on the ground of the extreme improbability of their falsehood. There is a rule which .allows declarations against the interest of the persons making them, and for that rule the reason stated is given. 1 Greenl. Ev., :sec. 147. But that rule requires the declarant to be deceased. Here ■he is living, is a party to the record, and, as the law now stands, might have been examined as a witness, and very probably was.
We think there was no error in this case, and the judgment must be affirmed.
Brinkerhoee, C. J., and Scott, Sutlife, and Peck, JJ., concurred.